FILED
10/19/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
EK

1:26-cr-00543
Judge Joan H. Lefkow
Magistrate Judge Karyn L. Bass Ehler
RANDOM / CAT. 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRENDA COPELAND,<br>SAMUEL CARLSON,<br>HERBERT "RANDY" FOSTER,<br>JOSEPH IRACI,<br>ANTHONY GESSERT, and<br>HENRY SALDARRIAGA-OCHOA | No.<br><br>Violation: Title 18, United States Code, Sections 1347 and 1349 |

**COUNTS ONE**

The SPECIAL APRIL 2025 GRAND JURY charges:

1. At times material to this Indictment:

a. Defendant BRENDA COPELAND was a certified alcohol and drug counselor ("CADC") as well as the founder, manager, registered agent, and owner of All Types Counseling Services, an Illinois Limited Liability Corporation ("All Types"), with offices located at various times in Palos Hills, Frankfort, and Joliet.

b. All Types was a licensed Substance Abuse Treatment/Intervention clinic in the state of Illinois and purportedly provided counseling services to patients for conditions such as depression and addiction.

c. Former Employee #1 was a licensed clinical professional counselor ("LCPC") who worked for All Types between approximately 2003 and 2019 counseling individuals.

d. Medical Director #1 was a licensed physician in the State of Illinois and at times was paid by All Types to act as the purported All Types Medical Director.

e. SAMUEL CARLSON, the romantic partner of COPELAND, worked at All Types as an office manager, including handling telephone calls, typing reports, making patient appointments, and corresponding with BCBSIL.

f. HERBERT "RANDY" FOSTER was a purported patient of All Types between 2016 and 2023.

g. JOSEPH IRACI was a purported patient of All Types between 2010 and 2023.

h. ANTHONY GESSERT was a purported patient of All Types between 2017 and 2020.

i. HENRY SALDARRIAGA-OCHOA was a purported patient of All Types between approximately 2017 and 2023.

j. Health care benefit programs, as defined in Title 18, United States Code, Section 24(b), paid for services that were covered by a patient's insurance policy and for which a representation had been made that the services were medically necessary and actually provided.

k. Blue Cross Blue Shield of Illinois ("BCBSIL") was a health care benefit program, as defined in Title 18, United States Code, Section 24(b), that provided health insurance to individuals through individual health insurance plans

and to groups of individuals through employer-sponsored health insurance plans. BCBSIL reimbursed health care providers when, among other criteria, those services were medically necessary and actually provided.

l. On or about July 23, 2004, All Types entered into a provider participation agreement with BCBSIL in which it agreed to comply with all federal and states laws, maintain necessary licensure and certification, create and maintain truthful and accurate patient records sufficient to justify claims for services rendered to patients, and disclose these records on request of BCBSIL, and was subsequently enrolled as a provider with BCBSIL with a unique provider identification number.

m. To receive reimbursement for a covered service from BCBSIL, All Types was required to submit certain claim information to BCBSIL for reimbursement for covered services provided to patients. Required claim information included the claimant's name; his/her insurance number; his/her date of birth; the health care services provided; the location where the health care services were provided; the name and National Provider Identifier of the medical provider, such as the therapist, providing the health care services; and the charge for each health care service provided.

n. BCBSIL paid for services that were covered by a patient's insurance policy and for which a representation had been made that the services were actually provided to patients.

o. BCBSIL utilized a national coding practice for payment of claims that relies on the American Medical Association ("AMA") Physicians' Current Procedural Terminology ("CPT") system, which is published in the AMA Current Procedural Terminology ("CPT Manual"). The CPT Manual lists descriptive terms and identifying codes (*i.e.* CPT Codes) for reporting medical services and procedures performed by providers.

p. According to the CPT Manual, psychotherapy is "treatment for mental illness and behavioral disturbances in which the physician or other qualified health care professional, through definitive therapeutic communication, attempts to alleviate the emotional disturbances, reverse or change maladaptive patterns of behavior, and encourage personality growth and development."

q. The CPT Codes for face-to-face psychotherapy services with an individual patient include the following:

i. CPT Code 90832 – Psychotherapy, 30 minutes with patient.

ii. CPT Code 90834 – Psychotherapy, 45 minutes with patient.

iii. CPT Code 90837 – Psychotherapy, 60 minutes with patient.

r. In addition to the CPT Codes from the CPT Manual, BCBSIL also considers a patient's diagnosis, and its corresponding diagnosis code, as provided by

the International Statistical Classification of Diseases and Related Health Problems, 10th Revision, Clinical Modification (ICD-10-CM), in determining whether and to what extent a claim should be reimbursed. Submission of a false, misleading, or incorrect diagnosis code can result in denial of a claim, or payment of a claim that would otherwise be denied.

s. Psychotherapy is a service which can only be provided by a physician or qualified health care provider. The only All Types employees with the necessary qualifications to provide psychotherapy were Medical Director #1, in his capacity as a physician, and Former Employee #1, in his capacity as an LCPC.

t. Counseling services provided by a CADC were reimbursable by BCBSIL only if performed under the supervision of a qualified health care professional and if the qualified health care professional personally attended the session.

u. All Types submitted claims to BCBSIL for services using both paper claims forms and electronic submission.

v. BCBSIL paid approved claims for covered services either by check sent by United States mail or by electronic direct deposit.

2. Beginning no later than 2010, and continuing through approximately 2025 at Palos Hills, Frankfort, and Joliet, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRENDA COPELAND,
SAMUEL CARLSON,

HERBERT "RANDY" FOSTER,
JOSEPH IRACI,
ANTHONY GESSERT, and
HENRY SALDARRIAGA-OCHOA,

defendants herein, together with others known and unknown to the Grand Jury, conspired to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBSIL, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits and services, in violation of Title 18, United States Code, Section 1347.

**Purpose of the Conspiracy**

3. It was the purpose of the conspiracy for defendants COPELAND, CARLSON, FOSTER, IRACI, GESSERT, and SALDARRIAGA-OCHOA, along with others, to unlawfully enrich themselves by, among other things, submitting and causing the submission of false and fraudulent claims to BCBSIL for psychotherapy services, and diverting the proceeds of the fraud scheme for their personal use and benefit.

**Manner and Means**

4. It was part of the conspiracy that defendants COPELAND, CARLSON, FOSTER, IRACI, GESSERT, and SALDARRIAGA-OCHOA, along with others known and unknown to the Grand Jury, submitted and caused to be submitted false and

fraudulent claims to BCBSIL that falsely represented that certain health care services, namely psychotherapy and services related to psychotherapy, were provided to patients as stated in the claims, when defendants COPELAND, CARLSON, FOSTER, IRACI, GESSERT, and SALDARRIAGA-OCHOA knew that those services were not actually provided.

5. It was further part of the conspiracy that defendants FOSTER, IRACI, GESSERT, SALDARRIAGA-OCHOA, and others agreed with COPELAND and CARLSON and others to pose as All Types patients and to provide their individual health care insurance information to defendants COPELAND and CARLSON, knowing that COPELAND and CARLSON intended to use their information to submit false and fraudulent claims, in exchange for a portion of the payments to All Types.

6. It was further part of the conspiracy that defendants COPELAND, CARLSON, FOSTER, IRACI, GESSERT, and SALDARRIAGA-OCHOA and others, agreed to recruit additional individuals to falsely and fraudulently pose as All Types patients and provide their individual health care information to COPELAND and CARLSON, knowing that they intended to use those additional individuals' information to submit false and fraudulent claims.

7. It was further part of the conspiracy that defendants FOSTER, IRACI, and GESSERT and others agreed to recruit additional individuals to falsely and fraudulently pose as All Types patients in exchange for receiving from COPELAND

and CARLSON a portion of the payments received by All Types for fraudulent claims submitted for services purportedly rendered to those additional individuals by All Types.

8. It was further part of the conspiracy that defendants COPELAND, and CARLSON, and others distributed the proceeds of the fraudulent billing to themselves and to defendants FOSTER, IRACI, GESSERT, and SALDARRIAGA-OCHOA and others using checks written on All Types' bank accounts and defendant COPELAND's bank account, cash withdrawals, and electronic fund transfers.

9. It was further part of the conspiracy that the payments were often falsely labeled as "refund(s)," "bonuses," or "loans," in order to conceal the true purpose of the payments.

10. It was further part of the conspiracy that defendants FOSTER, IRACI, GESSERT, and SALDARRIAGA-OCHOA agreed to distribute payments issued by COPELAND and CARLSON to the individuals FOSTER, IRACI, GESSERT, and SALDARRIAGA-OCHOA had recruited to pose as patients of All Types.

11. It was further part of the conspiracy that, in response to BCBSIL audit and request for medical records, defendants COPELAND and CARLSON, and others knowingly prepared and caused to be prepared, false and fraudulent patient medical records and documents which purported to show that services had been provided to individuals who were purportedly All Types patients by Former Employee #1 and

Medical Director #1 when in fact Former Employee #1 and Medical Director #1 never provided psychotherapy services to any All Types patient.

12. It was further part of the conspiracy that defendants COPELAND and CARLSON and others knowingly submitted, and caused to be submitted, false records and documents to BCBSIL in response to BCBSIL's audit and request for records.

13. It was further part of the conspiracy that defendants COPELAND, CARLSON, FOSTER, IRACI, GESSERT, and SALDARRIAGA-OCHOA and others concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence, purpose, and acts done in furtherance of the conspiracy.

14. It was further part of the conspiracy that defendants fraudulently submitted and caused to be submitted false claims to BCBSIL in the amount of approximately $19,000,000 for or related to psychotherapy services.

15. It was further part of the conspiracy that, as a result of the false and fraudulent claims that they caused to be submitted, defendants COPELAND, CARLSON, FOSTER, IRACI, GESSERT, and SALDARRIAGA-OCHOA caused BCBSIL to issue at least approximately $4,869,277.97 in payments to All Types as well as additional payments to All Types' purported patients.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH NINE

The SPECIAL APRIL 2025 GRAND JURY charges:

1. The allegations of Paragraph 1 of Count One are incorporated herein as if fully restated.

2. Beginning no later than 2010, and continuing through approximately 2025 at Palos Hills, Frankfort, and Joliet, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRENDA COPELAND,
SAMUEL CARLSON,
HERBERT "RANDY" FOSTER,
JOSEPH IRACI,
ANTHONY GESSERT, and
HENRY SALDARRIAGA-OCHOA,

defendants herein, together with others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBSIL, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits and services, as further described below.

3. The factual allegations of Paragraphs 4 through 15 of Count One are incorporated herein as if fully restated.

4. On or about the dates enumerated below, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendants, as set forth below, knowingly and willfully executed and attempted to execute the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is BCBSIL, and obtained by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said health care benefit program, by submitting and causing to be submitted to BCBSIL the following false and fraudulent claims for psychotherapy purportedly provided by All Types:

| **Count** | **Approx. Date Billed** | **Defendants** | **Purported Patient** | **Approx. Purported Date of Service** |
|---|---|---|---|---|
| 2 | January 9, 2023 | BRENDA COPELAND and SAMUEL CARLSON | Patient L.T. | December 23, 2022 |
| 3 | January 9, 2023 | BRENDA COPELAND, and SAMUEL CARLSON | Patient J.C. | November 23, 2022 |
| 4 | April 16, 2023 | BRENDA COPELAND, SAMUEL CARLSON, and HERBERT “RANDY” FOSTER | HERBERT “RANDY” FOSTER | March 2, 2023 |
| 5 | April 16, 2023 | BRENDA COPELAND, SAMUEL CARLSON, and HERBERT “RANDY” FOSTER | HERBERT “RANDY” FOSTER | March 4, 2023 |

| Count | Approx. Date Billed | Defendants | Purported Patient | Approx. Purported Date of Service |
|---|---|---|---|---|
| 6 | June 29, 2022 | BRENDA COPELAND, SAMUEL CARLSON, and JOSEPH IRACI | JOSEPH IRACI | May 10, 2022 |
| 7 | June 29, 2022 | BRENDA COPELAND, SAMUEL CARLSON, and JOSEPH IRACI | JOSEPH IRACI | May 24, 2022 |
| 8 | March 9, 2022 | BRENDA COPELAND, SAMUEL CARLSON, ANTHONY GESSERT, and HENRY SALDARRIAGA-OCHOA | HENRY SALDARRIAGA-OCHOA | December 23, 2021 |
| 9 | March 9, 2022 | BRENDA COPELAND, SAMUEL CARLSON, ANTHONY GESSERT, and HENRY SALDARRIAGA-OCHOA | HENRY SALDARRIAGA-OCHOA | January 19, 2022 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE ALLEGATION

The SPECIAL APRIL 2025 GRAND JURY further alleges:

1. Upon conviction of a violation of Title 18, United States Code, Sections 1349 and 1347, as alleged in Counts One through Nine of this Indictment, the defendants shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

2. If any of the property described above, as a result of any act or omission by defendants: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

__________________________________
FOREPERSON

____________________________
Signed by Patrick M. Mott on behalf of the
UNITED STATES ATTORNEY